IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: Application Pursuant to 28 U.S.C. 1782 of | ) ) ) |
| FARHAD AZIMA | ) ) Case No.: 22-20707-MC-MARTINEZ |
| Petitioner,<br>v. | ) ) ) ) |
| INSIGHT ANALYSIS AND RESEARCH, LLC, and SDC-GADOT LLC, | ) ) ) |
| Respondents, | ) ) ) ) |

## NON-PARTY'S MOTION TO QUASH SUBOPENA AND SERVICE OF SUBPOENA, AND MOTION FOR PROTECTIVE ORDER:

Non-party, AMIT FORLIT, by and through the undersigned attorneys, hereby files this Motion to Quash Subpoena and Service of Subpoena and Motion for Protective Order, upon proffer of the following:

1. On April 26, 2022, AMIT FORLIT received an email from the local registered agent of Respondent, SDC-GADOT, LLC. A true copy of same is attached hereto as Exhibit "1".

2. Thereby, and for the first time, AMIT FORLIT, who is a non-party to this proceeding and was not identified in the Petitioner's filed petition for assistance and discovery, received a copy of a Notice of Deposition and proposed Subpoena for an in-person deposition set to take place on May 4, 2022 at a law office in Miami, Florida.

3. AMIT FORLIT is not a resident of the State of Florida.

4. AMIT FORLIT is not a resident of the United States of America.

5. AMIT FORLIT received no communication from the Petitioner or his counsel before April 26, 2022 regarding this deposition, and the date was not scheduled or coordinated with input from AMIT FORLIT.

6. AMIT FORLIT was also **never personally served within the State of Florida**, let alone within the territorial jurisdiction of the United States of America, with a subpoena directing him to appear for a deposition in Miami, Florida.

7. As can be seen by the information on file with the Florida Department of State, Division of Corporations, for Respondent SDC-GADOT, LLC, the entity maintains a principal place of business located in the State of New York, and the address for AMIT FORLIT, as Member of the entity, is located at: 5-A Habarzel St., Tel Aviv, IL 69710-02. See Exhibit "2" attached hereto.

8. Per 28 U.S.C. § 1782(a), "**The district court of the district in which a person resides or is found** may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. **To the extent**

**that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure**. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." See § 1782, 28 U.S.C. (1996) (emphasis added).

9. By review of DE #1 (the Petitioner's application for relief), and this Court's Order entered on March 10, 2022 (at DE #5), Petitioner applied for, and received, an Order authorizing the service of deposition subpoenas upon the two (2) Respondents. The Petitioner did not request, and did not receive authorization from this Court, to issue an individual subpoenas for a local deposition of non-party AMIT FORLIT.

10. Under the circumstances before the Court, it is incumbent upon the Court to enter an Order granting this Motion, quashing the purported subpoena directed to AMIT FORLIT (as well as the purported email service), and moreover granting a protective Order in favor of AMIT FORLIT.

11. Per F.S. § 48.031, "(1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section. … (3)(a) The service of process of witness subpoenas, whether in criminal cases or civil actions, shall be made as provided in subsection (1). …". See § 48.031, Fla. Stat. (2019).

12. As can be seen by review of Exhibit "1" attached hereto, the Petitioner issued a Notice of Deposition and proposed Subpoena for AMIT FORLIT (again, despite this Court's Order not providing for the issuance of same), and Petitioner then delivered a copy of same to the registered agent of Respondent SDC-GADOT, LLC (Shimon Goldberger).  Petitioner then requested that Mr. Goldberger serve AMIT FORLIT by e-mail (instead of seeking to personally serve AMIT FORLIT in Florida with the subject subpoena), when Petitioner's counsel stated: "Please confirm that you accept service of these additional subpoenas and will provide them to the authorized representatives".

13. Florida law does not provide for the service of witness subpoenas, for deposition or trial, via e-mail transmission, nor does it provide for the use of a party Respondent or Defendant's agent as a pseudo process server to effect service of subpoenas via e-mail upon non-parties.

14. The method utilized by the Petitioner to "serve" AMIT FORLIT with the subject proposed deposition subpoena is not a valid means of serving a deposition subpoena upon under Florida or Federal law.

15. Moreover, AMIT FORLIT never provided any authority to any representative of SDC-GADOT, LLC to accept service, on his personal behalf, of any document or subpoena in connection with this action.

16. Next, and as can be seen by Exhibit "1" attached hereto, the registered agent for SDC-GADOT, LLC (Mr. Goldberger) first sent an email <u>to an incorrect email address</u> with the proposed subpoena for AMIT FORLIT, and then re-sent the proposed subpoena to AMIT FORLIT's correct email address for the first time on April 26, 2022.

17. After learning for the first time that the Petitioner was seeking to depose him in Miami Dade County, Florida, AMIT FORLIT immediately retained the undersigned counsel to contact counsel for the Petitioners to address the foregoing, and to request that the May 4, 2022 deposition be cancelled (as AMIT FORLIT was not served with any process or subpoena in connection with this action, and as he is not a resident of the State of Florida or the United States of America).

18. The undersigned communicated the foregoing to counsel for the Petitioner, but Petitioner's counsel did not agree to cancel AMIT FORLIT's deposition, thus necessitating the filing of a Notice of Limited Appearance, and the instant Motion. See Exhibit "3" attached hereto.

19. As the subpoena for AMIT FORLIT was not authorized by the Court it must be quashed, as AMIT FORLIT is not located within the jurisdiction of the Court, has not been found or served with process in the State of Florida, and as the Petitioner wholly failed to even proffer facts which would support a finding that this Court could require AMIT FORLIT to appear locally for a deposition per 28 U.S.C. § 1782,.

20. The proposed subpoena also, on its face, violates Rule 45 of the Federal Rules of Civil Procedure, as it seeks to command non-party AMIT FORLIT to appear in the State of Florida, and in Miami-Dade County, for a discovery deposition, despite the fact that information readily available to the Petitioner and his counsel demonstrates that AMIT FORLIT is a resident of Israel. Moreover, the principal address and place of business for Respondent entity SDC-GADOT, LLC is not located in Florida. It is located in New York City, New York. See Exhibit "2" attached hereto.

21. Service of the proposed subpoena must also be quashed, as Florida law does not afford for the service of a witness subpoena via e-mail, let alone upon a foreign party who is not a resident of the State of Florida. Nor do the applicable Federal Rules of Civil Procedure. See 48.031, Fla. Stat. (2019); see Rule 45(b)(2), Fed. R. Civ. P. (2022).

22. Finally, it is incumbent upon this Court to enter an Order quashing the proposed subpoena for AMIT FORLIT, and granting him protection from further attempts at a deposition in Miami-Dade County, Florida, per Rules 45(d) and 26(c) of the Federal Rules of Civil Procedure. AMIT FORLIT is not a resident of the State of Florida, nor of the United States. Not only does this Court lack jurisdiction over his person, but to require AMIT FORLIT to pay for air fare and local lodgings to travel to the State of Florida to be deposed here would force him to incur substantial and unnecessary expense in connection with an action (the original UK Proceedings) to which he is not a party and has no material or financial involvement. Moreover, the Petitioner did not bother to establish that a local deposition was appropriate per 28 U.S.C. § 1782, and the Petitioner has not even attempted to use comparable proceedings in Israel to procure AMIT FORLIT's attendance where he actually resides before a local officer or agent authorized to conduct depositions. There are significantly less costly and burdensome means of procuring deposition testimony of AMIT FORLIT, such as seeking to depose him in a local area in his country of residence, which the Petitioner has not bothered to attempt to date.

23. As stated in *In re Ex Parte Petition by AG*, 2021 WL 5231630 (S.D. Fla. 2021):

> To obtain discovery under 28 U.S.C. 1782, the following threshold showing must be made:
>
> the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance. In re Clerici, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (quoting 28 U.S.C. 1782) (footnote omitted). … ***Even when the statutory requirements of section 1782 are met, the Court is not required to grant a petition***. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264, 124 S. Ct. 2466, 159 L. Ed. 2d 355 (2004). The Supreme Court in Intel Corp. set forth the factors that may inform the district court's discretion in deciding to grant a section 1782 petition. 542 U.S. at 264-65. ***The discretionary factors that may be considered are as follows: (1) whether the persons from whom the discovery is being sought are participants in the foreign proceeding; (2) the nature and character of the foreign proceeding and the receptivity of the foreign tribunal to United States federal judicial assistance; (3) whether the request is an attempt to circumvent foreign proof-gathering limitations; and (4) whether the discovery sought is unduly intrusive or burdensome. Id***. "The discretionary factors come into play after the statutory requirements have been satisfied, and they are guideposts which help a district court decide how to best exercise its discretion." Dep't of Caldas v. Diageo PLC, 925 F.3d 1218, 1223 (11th Cir. 2019).
>
> See Id.

24. Where a party who is the subject of discovery proceedings under 28 U.S.C. § 1782 is not actually located or found within the State of Florida, those discovery proceedings are subject to dismissal for want of jurisdiction.  See *In re Joint Stock Co. Raiffeisenbank*, 2017 U.S. Dist. LEXIS 130721 (S.D. Fla. 2017), wherein the Court held:

> Raiffeisenbank practically concedes this point when it argues that, at the very least, Beloussov is "found" in this district. See Raiffeisenbank's Response in Opposition to Beloussov Motions [D.E. 17 at 6]. For purposes of Section 1782, a person is found in a district if he or she has been personally served with the discovery requests underlying the Section 1782 application. See In re Edelman, 295 F.3d 171, 180 (2d Cir. 2002) (holding that "if a person is served with a subpoena while physically present in the district of the court that issued the discovery order, then for the purposes of § 1782(a), he is 'found' in that district"). See also In re Godfrey, 526 F.

>   Supp. 2d 417, 421 (S.D.N.Y. 2007) (interpreting In re Edelman as requiring "personal" service, not "substitute" service under a state's rules of service of process and personal jurisdiction). Here, Raiffeisenbank only attempted to effectuate "substitute" service of the subpoenas by serving Beloussov's mother as his purported "co-resident" at the Boca Raton Residence. See Affidavits of Service [D.E. 8, 9]. Under the authority of In re Edelman and In re Godfrey, such purported substitute service is insufficient for Beloussov to be "found" in the Southern District of Florida for purposes of Section 1782.
>
>   Because Beloussov neither resides nor is found in the Southern District of Florida, the Court lacks subject matter jurisdiction over Raiffeisenbank's Application and the Application is subject to dismissal. In Re Gazprom, 2016 U.S. Dist. LEXIS 87175, 2016 WL 3654590, at *12 (denying Section 1782 application for lack of subject matter jurisdiction where respondent did not reside and was not likely to be found in the district at any reasonable time in the future). Therefore, the undersigned respectfully recommends that Beloussov's Motion to Dismiss be granted.

25. This Motion has been filed under expedited circumstances given that AMIT FORLIT first learned of these proceedings when he received the attached e-mail on April 26, 2022. As such, a supplemental Affidavit of AMIT FORLIT supporting this Motion will be filed shortly hereafter under separate cover and docket entry.

26. The Movant hereby certifies that a good faith effort to resolve the instant issues without court intervention was made. However, as the Petitioner would not agree to cancel the May 4, 2022 deposition, despite the fact that AMIT FORLIT was not even served with process, this filing became necessary and Court intervention is needed.

**WHEREFORE** AMIT FORLIT requests that this Court GRANT the instant Motion, that the subpoena and purported "service" of same directed to AMIT FORLIT be quashed, that a protective Order be entered disallowing the Petitioner from seeking to depose AMIT FORLIT in this proceeding in the State of Florida as he is not a resident herein and is not "found" herein, that the Court award the Movant a recovery of incurred court costs and/or attorney's fees, and that the Court GRANT AMIT FORLIT such other relief as the Court deems just and proper.

**GOOD FAITH CERTIFICATION**:

The undersigned counsel hereby certifies that: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 2nd day of May, 2022, that a true and correct copy of the foregoing has been filed through the Court's CM/ECF-filing portal and that a true copy has been served through the portal upon all counsel of record in this action.

Respectfully submitted,

By: */s/ Christopher S. Salivar, Esq.*
Christopher S. Salivar, Esquire
Florida Bar No.: 57031
6576 Whispering Wind Way
Delray Beach, FL 33484
Tel: (561) 628-8908
Email: cssalivarattorney@gmail.com

By: */s/ Elan I. Baret, Esq.*
Elan I. Baret, Esquire
Florida Bar No.: 20676
3999 Sheridan Street, 2nd Floor
Hollywood, Florida 33021
Tel: (954) 486-9966
Facsimile: (954) 585-9196
Email: elan@baretlawgroup.com