UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-cv-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>  Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>  Defendants. | **DECLARATION OF DOMINIC HOLDEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS** |

I, Dominic Holden, pursuant to 28 U.S.C. § 1746, do hereby declare under penalty of perjury the following.

1.  I am a partner in Burlingtons Legal LLP, an English law firm that represents Farhad Azima in pending litigation in London. That case is *Farhad Azima -v- Ras Al Khaimah Investment Authority ("RAKIA"), Stuart Page, Neil Gerrard, Dechert LLP and James Buchanan* – HC-2016-002798 (Business and Property Courts of England and Wales) (the "English Proceedings").

2.  Mr. Azima's counterclaim in the English Proceedings alleges, *inter alia*, that the defendants to the counterclaim (the "English Defendants") successfully hacked Mr. Azima and obtained his trade secrets and then published those secrets on the internet several times, including in 2018 and 2019. In the English Proceedings, Mr. Azima is alleging, in part, that the English Defendants directed and paid Mr. Del Rosso to hack his emails and computers to obtain confidential information, and that Mr. Del Rosso followed

1

these instructions by paying hackers in in India to do so. Mr. Azima's counterclaim brings claims against the English Defendants under US federal law and under Missouri state law, including claims regarding the misappropriation of Mr. Azima's trade secrets.

3. I have reviewed the pending Motion to Dismiss the Defendants have filed with this Court, including the English court document that they have filed in support of that motion. The English court document is a response to a series of inquiries from RAKIA (one of the English Defendants) concerning Mr. Azima's Counterclaim, known as a "Request for Further Information," or "RFI." Defendants' motion contends that Mr. Azima's response to RAKIA's RFI "show that Azima owns none of the putative trade secrets," that the response "expressly described" several of the trade secrets as belonging to businesses, and that Mr. Azima does not allege any ownership interest in any of those businesses (Def.s' Mem of Law In Supp. of Mot to Dismiss at 2, 4 (Dec. 23, 2021) ECF No. 68). Defendants' motion, in my view, misconstrues that document and disregards other pleadings filed by Mr Azima.

4. As a starting point, Mr. Azima's claims in the English Proceedings are still in the pleading stage. Disclosure will commence later in 2022. The factual disputes related to the misappropriation of trade secrets and other issues will be developed further at and leading up to trial, which has not yet been scheduled. The counterclaim advances a claim by Mr. Azima in respect of his trade secrets, which were misappropriated. This clearly encompasses an allegation that Mr. Azima holds a relevant ownership interest in those trade secrets. Specifically, paragraphs 148-150 of the counterclaim (both in its original form and in each version as amended) state as follows (emphasis added):

"148. Mr Azima's email accounts and computer systems stored trade secrets intended for use in interstate and foreign commerce, including but not limited to highly confidential business plans and proposals, research supporting those plans and proposals (including costs and service projections), information concerning business strategies and opportunities, and contacts for important business relationships.

149. The Defendants unlawfully conspired:

a. to **take, appropriate, and obtain Azima's trade secrets** without authorization, by means of a cyberattack against him, knowing that Azima's email accounts contained trade secrets and intending to steal them in order to harm Azima.

b. to **disseminate those trade secrets** and to continue to do so including as recently as June 2019.

150. As a result of the conspiracy and hacking Mr Azima has suffered damage, which includes, but is not limited to, loss of business goodwill, **loss in the value of his trade secrets** and confidential business information, and harm to Mr Azima's business."

5. RAKIA served its RFI on September 2, 2021. The RFI seeks specific information about Mr. Azima's counterclaim. However, RAKIA's RFI did not seek information as to the question of ownership of the trade secrets or Mr. Azima's interest(s) in them. The response to the RFI therefore did not address that particular issue. Rather,

the RFI sought particulars of the trade secrets themselves and an explanation of Mr. Azima's allegation that the trade secrets were used in foreign and/or interstate commerce.

6. Mr. Azima's response to the RFI made clear that the information as to the misappropriated trade secrets set out in the Response was not exhaustive, given the enormous scale of the information stolen by the English Defendants and the fact that the review of the stolen material was not yet complete (and in fact disclosure had not even started). The RFI then indicated that the particulars sought about the trade secrets were set out in Table 2, annexed to the response. It also explained that the intended use of the trade secrets in foreign and/or interstate commerce was evident from the location of the business activities in question in jurisdictions outside the United States and/or Missouri. *See* ECF No. 69-1 at 14.

7. Contrary to Defendants' Motion to Dismiss, neither the body of the response, nor Table 2, states that the trade secrets "belonged" to the enterprises referred to in Table 2, as is clear from the text of the document. Nor do the response or Table 2 state or otherwise imply that Mr. Azima does not have ownership (in the relevant sense) of the trade secrets. Several business names are referred to in Table 2, but these were included as a means of organizing the information provided in the table. They were not referred to so as to designate ownership, since ownership was not raised in the RFI.

8. Following the RFI, Mr. Azima served his Reply pleading to RAKIA's Defence. The Reply states (¶ 41) that "RAKIA's argument that Mr Azima has no claim because the trade secrets were owned by companies is wrong." The Reply also states that Mr. Azima was the owner of the relevant companies, which created a relevant ownership

4

right in the trade secrets. The Reply did not say, and should not be interpreted to mean, that Mr. Azima had no personal ownership interest in the trade secrets.

9. Mr. Azima's position is that he has an ownership interest in the trade secrets and the particulars of that ownership—including whether he (i) is the exclusive owner of a trade secret; (ii) owns a company that holds the trade secret; and/or (iii) is privy to a trade secret—will be developed further at trial and in the evidence filed in advance of trial.

10. Attached as Exhibit A is a true and correct copy of Mr. Azima's Re-amended Counterclaim Against Additional Parties in the English Proceedings

11. Attached as Exhibit B is a true and correct copy of the Mr. Azima's Reply to RAKIA's Defence to the Re-amended Counterclaim in the English Proceedings.

I, Dominic Holden, under penalty of perjury that the foregoing is true and correct. Executed on January 7th, 2022, in London.

*Dominic Holden*

Dominic Holden

DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>　　　Defendants. | **CERTIFICATE OF SERVICE** |

　　I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

Kieran J. Shanahan, Esq.
Brandon S. Neuman, Esq.
Jeffrey M. Kelly, Esq.
Nathaniel J. Pencook, Esq.
GlenLake One
4140 Parklake Avenue - Suite 200
Raleigh, NC 27612
kieran.shanahan@nelsonmullins.com
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
Telephone: 919.329.3800
Facsimile: 919.329.3799

6

This, the 7th day of January, 2022.

                                          **WOMBLE BOND DICKINSON (US) LLP**

                                          /s/ *Ripley Rand*
                                          Ripley Rand
                                          North Carolina State Bar No. 22275
                                          555 Fayetteville Street, Suite 1100
                                          Raleigh, NC 27601
                                          Telephone:  (919) 755-8125
                                          Facsimile:   (919) 755-6752
                                          Email:      Ripley.Rand@wbd-us.com

                                          *Counsel for Plaintiff*