IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MC-20707-JEM/BECERRA

*In re:* Application Pursuant to
28 U.S.C. § 1782 of

FARHAD AZIMA
5921 Ward Parkway
Kansas City, Missouri 64113,

      *Petitioner,*

v.

INSIGHT ANALYSIS AND RESEARCH, LLC
13727 SW 152 Street, #715
Miami, Florida 33177, and

SDC-GADOT, LLC
3200 Collins Avenue, Suite L2
Miami Beach, Florida 33140,

      *Respondents.*
_____/

**PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION FOR
RECONSIDERATION (D.E. 52)**

On August 23, 2022, this Court held an in-person hearing on three pending issues: (1) Petitioner's amended application to take discovery from Amit Forlit, in addition to Insight and Gadot, Forlit's Miami-based companies; (2) Petitioner's motion to compel additional discovery, namely, documents and continued depositions, from Insight and Gadot, and Respondents' cross-motion to terminate discovery; and (3) Petitioner's motion for sanctions, as they relate to Respondents' failure to produce documents. The Court reserved ruling, permitting Petitioner to "file a written motion to compel that explains the categories of documents that Petitioner believes are covered by the subpoena and why Petitioner is entitled to those documents," and Respondents to "file a written response on the issues noted at the hearing [regarding D.E. 48]." D.E. 48 is

1

Petitioner's Opposition to Respondent's Motion to Terminate Discovery. All briefing was slated to be complete by September 7, 2022. At the hearing, the Court advised Petitioner that it would not be granted leave to file a reply to Respondents' opposition to D.E. 48.

On September 7, 2022, instead of filing an opposition to D.E. 48, Respondents filed a motion for reconsideration of D.E.s 1 and 5 – the original application for discovery against Insight and Gadot and the Court's order granting the relief sought therein. Petitioner opposes Respondents motion for several reasons already briefed, which Petitioner can further elaborate upon at the next hearing set in this matter.

First, the application for and order granting discovery from Insight and Gadot was made in March 2022 – over six (6) months ago. Respondents' motion – given all that has occurred in this case, including Rule 30(b)(6) deposition agreed to by Respondents – is untimely.

Second, Respondents' motion does not dispute that the Section 1782 application was properly granted in this case – because it cannot. Insight and Gadot are "found" in the Southern District of Florida, the evidence sought relates to and will be used in a foreign case, and the *Intel* factors are met. Respondents' arguments regarding Mr. Page's credibility and other Section 1782 applications filed in support of the UK Proceedings are of no consequence for this Court's consideration of D.E. 1. What is before this Court is a discovery proceeding – not a consideration of the facts for purposes of ultimate fact-finding. That is for the U.K. Court to do. Indeed, if nothing else, Respondents' lengthy brief arguing that the discovery in this matter is irrelevant – relying, in part, on discovery ascertained in this matter, such as the Rule 30(b)(6) depositions of Insight and Gadot – show precisely why discovery was appropriate to gather here. For example, the passages Respondents quoted about Eitan Arusy demonstrate that he attended meetings with the UK Defendants to discuss the "investigations" that are the subject of the U.K. Proceedings.

*See* D.E. 52 at 13.[1]

Last, Petitioner strongly disagrees with Respondents' arguments that the discovery application was an attempt to "harass" Mr. Forlit. As is clear from the deposition transcripts, Mr. Forlit and his Florida-based companies were intimately involved in the "investigations" conducted by the defendants that are the subject of the U.K. Proceeding, and much of what Mr. Page said in his sworn statements was corroborated by Mr. Forlit (including for example that Mr. Forlit prepared regular reports and that Mr. Page paid Mr. Forlit $250,000 per month). At the end of the day, Mr. Forlit chose to incorporate two entities in Florida and funnel millions of dollars through them. As such, it is Mr. Forlit that has subjected the Respondents to proper discovery in this District and must lawfully comply with such subpoenas.

For these reasons, and the original briefing in this matter, Petitioner respectfully requests that the Court deny Respondents' motion at D.E. 52.

Dated: September 21, 2022

s/ *Vanessa Singh Johannes*
Michael S. Pasano (FBN 475947)
Email: MPasano@carltonfields.com
Vanessa Singh Johannes (FBN 1028744)
E-mail: VJohannes@carltonfields.com
CARLTON FIELDS P.A.
700 N.W. 1st Avenue, Suite 1200
Miami, Florida 33136-4118
Telephone: (305) 530-0050

*s/ Ian Herbert*
Kirby D. Behre (admitted *pro hac vice*)
Timothy P. O'Toole (admitted *pro hac vice*)
Ian A. Herbert (admitted *pro hac vice*)
Calvin Lee (admitted *pro hac vice*)
MILLER & CHEVALIER CHARTERED
900 16th Street, NW

---

[1] Notably, though Mr. Forlit claims to have no documents, when asked why Mr. Arusy was paying Respondents, Mr. Forlit said, "I have to go back to the document to check." *See* D.E. 52 at 14.

130804825.1

                                               Washington, D.C. 20006  
                                               Telephone: (202) 626-5800  
                                               Fax: (202) 626-5801  
                                               Email: kbehre@milchev.com

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

    I hereby certify that on September 22, 2022, a true and correct copy of the foregoing document was filed via CM/ECF and served on counsel for the Respondents named in this matter, Christopher S. Salivar and Elan I. Baret, via such means.

                                                      s/ *Vanessa Singh Johannes*  
                                                        Vanessa S. Johannes