IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: Application Pursuant to<br>28 U.S.C. 1782 of<br><br>FARHAD AZIMA<br><br>      Petitioner,<br>v.<br><br>INSIGHT ANALYSIS AND RESEARCH,<br>LLC, and SDC-GADOT LLC,<br><br>      Respondents, | Case No.: 22-20707-cv-JEM |

## RESPONDENTS'[1] MOTION FOR SANCTIONS:

Respondents, INSIGHT ANALYSIS AND RESEARCH, LLC and SDC-GADOT, LLC, by and through the undersigned attorneys, hereby file this, their Motion for Sanctions, as follows:

1. Despite Petitioner having initiated this proceeding as one for discovery for use in a foreign proceeding under 28 U.S.C. § 1782, Respondents have repeatedly advised this Court that it is readily apparent that Petitioner was not being honest about the underlying basis for these proceedings and instead Petitioner was seeking to use these proceedings to obtain pre-suit discovery for direct claims the Petitioner intended to file against these Respondents.

2. On October 13, 2022, Petitioner proved these Respondents right, by initiating a new action in the Southern District of New York under S.D. NY Case No.: 1-22-cv-08728. A true copy of the Complaint filed by Petitioner on October 13, 2022 is filed herewith as Exhibit "1".

---

[1] This Motion has been filed on behalf of Respondents, INSIGHT ANALYSIS AND RESEARCH, LLC and SDC-GADOT, LLC. Though Petitioner decided to amend the case caption to include AMIT FORLIT, AMIT FORLIT is not yet a party Respondent in these proceedings, as though he has been provisionally identified by the Respondent in an Amended Petition for Discovery filed per 28 U.S.C. § 1782, this Court has not yet ruled upon said Petition and has not yet determined that AMIT FORLIT should be made a Respondent in these proceedings.

*Page 1*

3. Therein, Petitioner (and his alleged related entities) have sued a multitude of Defendants, and have specifically named these Respondents as Co-Defendants therein. Of note, Petitioner's counsel in the newly filed S.D. NY action is the same counsel representing Petitioner (by admission *pro hac vice*) in this proceeding.

4. In order to substantiate the Petitioner's ridiculous and maliciously false allegations made as to these Respondents, Petitioner has mis-quoted and twisted testimony provided by non-party Amit Forlit in July of 2022 in this proceeding. That testimony was provided during depositions in which Amit Forlit appeared as the Rule 36 corporate representative for these Respondents. Those depositions were conducted in Israel (due to the fact that Amit Forlit is not a resident or a U.S. Citizen).

5. Specifically looking at paragraphs 232-235 of Petitioner's newly filed Complaint, Petitioner misstates deposition testimony given by Amit Forlit in connection with this proceeding. At no time did Petitioner ever make the "admissions" Petitioner alleges in his newly filed Complaint. However, clearly the Petitioner's underlying goal of the Rule 36 depositions unilaterally demanded by Petitioner in this action were not in fact to obtain information for use in the "UK Proceedings", but rather to conduct a pre-suit fishing expedition seeking to unearth factual support for Petitioner's ridiculous claims which have now been asserted in his recently filed Complaint.

6. Most tellingly, footnote two (2) in the newly filed Complaint states: "<u>The UK case seeks damages for the 2016 hacking of Azima. This Complaint seeks damages for conduct that postdates the 2016 hacking. In effect, the UK case focuses on crimes that occurred in or about 2016, while this Complaint focuses on efforts to cover-up those crimes</u>. In addition, the parties in the two cases are not identical, and this Complaint includes defendants Handjani, Frank, KARV, Insight, SDC-Gadot, and Forlit, who are US persons and entities, and along with Defendant Hughes are not defendants in the UK case. UK law does not have a comparable statute to RICO."

7. As noted previously in this proceeding, **neither of these Respondents existed in 2016**. Both SDC-GADOT, LLC and INSIGHT ANALYSIS AND RESEARCH, LLC were formed on October 18, **2017**.

8. Petitioner's footnote comments at page two (2) of his October 13, 2022 RICO Complaint clearly establish that at all times the real material purpose for the instant 28 U.S.C. § 1782 proceeding was to gather information about these Respondents for use in framing the scope of Petitioner's RICO Complaint.

9. This Court has the inherent authority to sanction parties and counsel for bad faith litigation practices. See gen. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) ("Third, and most relevant here, a court may assess attorney's fees when a party has '"acted in bad faith, vexatiously, wantonly, or for oppressive reasons.").

10. As noted in prior filings by these Respondents, Petitioner has played games with the discovery sought in these proceedings. Petitioner was only initially granted the right to serve document production subpoenas upon these Respondents. Petitioner then issued and served subpoenas for Rule 36 depositions without any authorization of this Court to do so. Petitioner appeared before this Court and sought an Order compelling the completion of Rule 36 depositions from the Court's appointed magistrate, without ever making it known that the Court never authorized Rule 36 depositions. When these Respondents sought to ameliorate the issue and simply produce a corporate representative for deposition, Petitioner has now turned around and utilized a twisted re-interpretation of the deposition testimony obtained as support for his newly filed RICO claims, therein directly admitting that his US claims address all conduct after 2016, while simultaneously forgetting the representation she made to this Court that his inquiries (which all post-dated 2016) were directed to issues being litigated in the UK Proceedings.

11. As is quite often the case, when one spins falsehoods over a long enough period of time and to enough different parties, one tends to forget which falsehood was spun to which party. Here, Petitioner seems to have clearly forgotten the multiple representations which Petitioner and his counsel made to this Court about the discovery in this case being for the purpose of use in the UK Proceedings, which directly contradicts with the Petitioner's express admission in footnote two (2) of his Complaint stating that his RICO complaint has been filed to address the very conduct he was making inquiry about in this proceeding (all of which post-dated 2016).

**WHEREFORE** Respondents, SDC-GADOT, LLC and INSIGHT ANALYSIS AND RESEARCH, LLC, respectfully request that the Court review this Motion, GRANT this Motion, award the Respondents a recovery of reasonable attorney's fees which they have incurred in connection with this proceeding and being required to appear and produce discovery in this proceeding, and that the Court Grant the Respondents such other and further relief as this Court may deem just and proper.

**CERTIFICATE OF COMPLIANCE WITH FONT AND PAGE REQUIREMENTS**:

The undersigned hereby certifies that this Motion complies with the requirements of Local Rules 5.1 and 7 pertaining to font size and length of this Motion.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 18th day of October, 2022, that a true and correct copy of the foregoing has been filed through the Court's CM/ECF-filing portal and that a true copy has been served through the portal upon all counsel of record in this action.

Respectfully submitted,

By: */s/ Elan I. Baret, Esq.*
Elan I. Baret, Esquire
Florida Bar No.: 20676
3999 Sheridan Street, 2nd Floor
Hollywood, Florida 33021
Tel: (954) 486-9966
Facsimile: (954) 585-9196
Email: elan@baretlawgroup.com

        By: <u>*/s/ Christopher S. Salivar, Esq.*</u>
            Christopher S. Salivar, Esquire
            Florida Bar No.: 57031
            6576 Whispering Wind Way
            Delray Beach, FL 33484
            Tel: (561) 628-8908
            Email: cssalivarattorney@gmail.com