IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MC-20707-JEM/BECERRA

*In re:* Application Pursuant to
28 U.S.C.§ 1782 of

FARHAD AZIMA
5921 Ward Parkway
Kansas City, Missouri 64113,

      *Petitioner,*

v.

INSIGHT ANALYSIS AND RESEARCH, LLC
13727 SW 152 Street, #715
Miami, Florida 33177, and

SDC-GADOT, LLC
3200 Collins Avenue, Suite L2
Miami Beach, Florida 33140,

      *Respondents.*

_____/

## PETITIONER'S RESPONSE TO MOTION FOR SANCTIONS (D.E. 56)

From the outset of this litigation, Respondents have resisted legitimate discovery requests and have sought to delay and avoid their legal obligations. Respondents have dodged service, failed to sit for scheduled depositions, refused to produce documents, and filed frivolous and repetitive motions. Respondents' motion for sanctions against Petitioner (D.E. 56) is yet another frivolous attempt to avoid completing discovery as ordered by this Court. The Court should deny the motion and order Respondents to produce documents and sit for additional depositions on issues outstanding, as argued in previous briefings. *See* D.E.s 32 and 50.

Respondents argue that this entire proceeding is improper because Petitioner has recently, eight months after this proceeding commenced, filed a RICO lawsuit against Respondents and

1

many others in the Southern District of New York. Specifically, Respondents claim that Petitioner's Section 1782 application was a "pre-suit fishing expedition." D.E. 56 at ¶ 5. That argument not only ignores the relevant facts, but is not a proper and sound basis upon which to order sanctions.

As this Court is well aware, the UK Proceeding was filed in 2016 and Petitioner subsequently brought a counterclaim for hacking. A trial was held in January and February 2020. At that trial, Stuart Page testified that Respondent Insight had information about Petitioner's hacked material. Transcript of Record at 101:7-102:21, Azima -v- RAKIA & Ors (Claim no.: HC-2016-002798).

In 2021, the UK Court of Appeal reversed the trial court in part and remanded Petitioner's hacking claim for retrial. Then, in January 2022, Mr. Page provided additional sworn testimony that Mr. Forlit and Insight were involved in hacking connected to Petitioner, and prepared monthly hacking reports from 2015 to 2020. D.E. 1-7, at ¶¶ 9, 15-17. Based on that sworn statement, Petitioner filed the instant petition under 28 U.S.C. § 1782 seeking discovery in aid of the UK Proceeding. Insight and a related company, Gadot, are Florida-incorporated entities, based in, and with significant ties to, this District.

In July 2022, Respondents Insight and Gadot consented to Rule 30(b)(6) depositions with Mr. Forlit as the deponent and corporate representative. Mr. Forlit's deposition testimony corroborated much of Mr. Page's evidence. For example, bank records show that Mr. Page paid Respondents approximately $250,000 per month, and Mr. Forlit confirmed those payments. *See* D.E. 47-1 at 24 (Depo Tr. 96:6-13). Mr. Forlit also confirmed that he prepared reports that looked similar to the hacking reports that Mr. Page described and provided examples of. *See* D.E. 47-2 at 32.

The evidence provided by Respondents is directly relevant to the UK Proceeding, and will be an important part of Petitioner's claim currently pending in the UK.  However, Petitioner is not precluded from using discovery learned in this proceeding to pursue other actions.  Indeed, it was Mr. Forlit's own counsel who filed the deposition transcripts on PACER, making the transcripts publicly available.  *See generally* D.E. No. 47.  Earlier this month, Petitioner relied, in part, on the discovery learned to sue Respondents and eight other defendants in the Southern District of New York. The allegations in that case involve actionable conduct by the defendants to cover up the hacking that is the subject of the UK Proceeding.

Respondents now seek to avoid their discovery obligations under Section 1782 in aid of the UK Proceeding by suggesting that they no longer have to comply with discovery ordered by this Court in aid of the UK Proceeding.  The UK Proceeding remains active, and last week a hearing was held regarding that matter.  Trial is set for April 2024, and Respondents clearly have evidence relevant to that trial.

Petitioner's Section 1782 petition demonstrated his entitlement to discovery, and bringing forth additional litigation against Respondents does not negate that.  *See In re Furstenberg Finance SAS*, No. 18-mc-44 (JGK), 2018 WL 3392882, at *8 (S.D.N.Y. July 12, 2018) (rejecting a general argument that a Section 1782 application was a "fishing expedition" because the argument had no bearing on whether petitioners "demonstrated in this application that they are entitled to discovery under § 1782" and respondents did not allege any facts serious enough to cause the court to question the credibility of the petitioners' application). Petitioner has clearly demonstrated this entitlement.

Respondents do not point to any legal authority suggesting that the filing of a lawsuit against Respondents was improper in any way or somehow voids validly sought discovery in aid

of a different lawsuit.[1]  Respondents do not point to any statements made in Petitioner's Section 1782 application that demonstrate bad faith.  Respondents do not point to any facts that cast doubt on statements made in Petitioner's Section 1782 application.  Quite the opposite: discovery in this matter has corroborated much of what Petitioner alleged in his application and will be a key part of the UK Proceeding that is scheduled for trial in April 2024.[2]

For the foregoing reasons, the Court should deny Respondents' motion for sanctions.

Respectfully submitted,

Dated: November 1, 2022

s/ *Vanessa Singh Johannes*
Michael S. Pasano (FBN 475947)
Email: MPasano@carltonfields.com
Vanessa Singh Johannes (FBN 1028744)
E-mail: VJohannes@carltonfields.com
CARLTON FIELDS P.A.
700 N.W. 1st Avenue, Suite 1200
Miami, Florida 33136-4118
Telephone: (305) 530-0050

s/ *Ian Herbert*
Kirby D. Behre (admitted *pro hac vice*)
Timothy P. O'Toole (admitted *pro hac vice*)
Ian A. Herbert (admitted *pro hac vice*)
Calvin Lee (admitted *pro hac vice*)
MILLER & CHEVALIER CHARTERED
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

*Counsel for Petitioner*

---

[1] Respondents' motion cites one case, *Chambers v. NASCO, Inc*., 501 U.S. 32 (1991), which merely holds that courts have inherent authority to impose sanctions. Nothing in *Chambers* suggests sanctions are appropriate in this case, and they plainly are not.

[2] The fact that Respondents were not formed until 2017 does not change the clear fact that Respondents possessed information relevant to the trial.  For example, Respondents confirmed Mr. Page's testimony that Mr. Forlit prepared "investigation" reports every month drom 2015 to 2020 and was paid approximately $250,000 per month.

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2022, a true and correct copy of the foregoing document was filed via CM/ECF and served on counsel for the Respondents named in this matter, Christopher S. Salivar and Elan I. Baret, via such means.

                                                             s/ *Vanessa Singh Johannes*
                                                                    Vanessa S. Johannes

131150978.1