IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: Application Pursuant to 28 U.S.C. 1782 of | |
| FARHAD AZIMA | Case No.: 22-20707-cv-JEM |
| Petitioner, | |
| v. | |
| INSIGHT ANALYSIS AND RESEARCH, LLC, and SDC-GADOT LLC, | |
| Respondents, | |

**RESPONDENTS'[1] REPLY TO DE # 57:**

Respondents, INSIGHT ANALYSIS AND RESEARCH, LLC and SDC-GADOT, LLC, by and through the undersigned attorneys, hereby file this, their Reply to Petitioner's DE # 57 (Petitioner's Response to these Respondents' Motion for Sanctions docketed at DE # 56), as follows:

1. In a continued and routine pattern of deflection, Petitioner has filed a response which ignores Petitioner's own filed allegations in his newly initiated action in the Southern District of New York. Specifically, in his newly filed action Petitioner openly states at footnote 2 of his Complaint:

   "The UK case seeks damages for the 2016 hacking of Azima. **This Complaint seeks damages for conduct that postdates the 2016 hacking. In effect, the UK case focuses on crimes that occurred in or about 2016, while this Complaint focuses on efforts to cover-up those crimes.** In addition, the parties in the two cases are not identical, and this Complaint includes defendants Handjani, Frank, KARV, Insight, SDC-Gadot, and Forlit, who are US persons and entities, and along with Defendant Hughes are not defendants in the UK case. UK law does not have a comparable statute to RICO."

---

[1] This Motion has been filed on behalf of Respondents, INSIGHT ANALYSIS AND RESEARCH, LLC and SDC-GADOT, LLC.  Though Petitioner decided to amend the case caption to include AMIT FORLIT, AMIT FORLIT is not yet a party Respondent in these proceedings, as though he has been provisionally identified by the Respondent in an Amended Petition for Discovery filed per 28 U.S.C. § 1782, this Court has not yet ruled upon said Petition and has not yet determined that AMIT FORLIT should be made a Respondent in these proceedings.

2. From the inception of this action Petitioner has continued to push for discovery not ordered or approved by the Court, and to push for "sanctions" which would not be applicable to the pending "UK Proceedings" (i.e., an "adverse inference" was a potential sanction discussed by Petitioner's counsel and requested early in these proceedings while these Respondents were not represented by counsel). Petitioner's conduct is now laid bare based upon Petitioner's active use of this proceeding not for purposes of advancing argument or positions in litigation in the UK Proceedings, but rather to support the Petitioner's newly filed civil action in the Southern District of New York.

3. One of the factors this Court is to consider in granting or denying a request for discovery under 28 USC § 1782 is that the discovery is "for use in a proceeding in a foreign or international tribunal". *See gen In re Kurbatova*, 2019 U.S. Dist. Lexis 84030 (S.D. Fla. 2019) (Section 1782 authorizes, but does not require, federal courts to assist applicants in gathering evidence for use in foreign tribunals. *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1198 (11th Cir. 2016). Whether to grant relief under the statute is up to the court's discretion. *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1271 (11th Cir. 2014). A district court may not grant an application under § 1782 unless four statutory requirements are met: (1) the request must be made "by a foreign or international tribunal" or by "any interested person;" (2) the request must seek evidence, be it the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal;" and, finally, (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.").

4. By review of the questions asked of the corporate representative of these Respondents during the July 2022 depositions conducted in Tel Aviv, and by review of the Petitioner's own allegations in his new Complaint filed in the Southern District of New York, it can clearly be seen that the Petitioner was at all times misrepresenting to the Court his "need" for discovery, as well as the intended purpose for

the "use" of the discovery sought. Petitioner never had any care or concern about supporting any allegation or assertion in the "UK Proceedings", but instead Petitioner was seeking to bolster the twisted allegations he has now made against multiple Defendants in the Southern District of New York in his newly filed Complaint.

5. Given the obligation of candor to this Court by the persons who have been filing pleadings and motions on the Petitioner's behalf for the last nine (9) months in this action, this Court should be extremely concerned about this blatant about-face by the Petitioner and his assertion that the UK Proceedings only concern actions pre-dating 2016 (which, as has been asserted multiple times in this action, is a year which **pre-dates the organization of both of these Respondents)**. This in and of itself establishes the Petitioner's bad faith filings and misuse of 28 USC § 1782 as a pre-suit discovery device to obtain information to misrepresent and misuse as a basis for the Petitioner's recently filed civil RICO claims.

6. Moreover, Petitioner is well aware that Stuart Page is an admitted perjurer, who only provided "testimony" supporting the Petitioner after the threat of litigation, multiple failed suicide attempts, and a "settlement" he reached with the Petitioner to provide corroborating "testimony" going forward. It is this "evidence" and "testimony" the Petitioner has relied upon in support of all filings in this action, done by the Petitioner while all-the-while knowing that the true goal of these proceedings was to conduct discovery in aid of the drafting of the Petitioner's recently filed RICO Complaint.

7. This is of importance, as Petitioner now claims "Mr. Forlit's deposition testimony corroborated much of Mr. Page's evidence. For example, bank records show that Mr. Page paid Respondents approximately $250,000 per month, and Mr. Forlit confirmed those payments. *See* D.E. 47-1 at 24 (Depo Tr. 96:6-13). Mr. Forlit also confirmed that he prepared reports that looked similar to the hacking reports that Mr. Page described and provided examples of. *See* D.E. 47-2 at 32." This could not be further from the truth. The testimony of Mr. Forlit directly refuted Mr. Page's "sworn"

"testimony" asserting that these Respondents participated in any "hacking", or in any investigation, of the Petitioner, and moreover Mr. Forlit's testimony established that these Respondents did not play any part in any "cover up" story for the Court in the United Kingdom. See DE #'s 45, 47, 51, and 52.

8. Given the foregoing, Respondents request that the Court GRANT all relief requested in their Motion filed at DE # 56.

### CERTIFICATE OF COMPLIANCE WITH FONT AND PAGE REQUIREMENTS:

The undersigned hereby certifies that this Motion complies with the requirements of Local Rules 5.1 and 7 pertaining to font size and length of this Motion.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of November, 2022, that a true and correct copy of the foregoing has been filed through the Court's CM/ECF-filing portal and that a true copy has been served through the portal upon all counsel of record in this action.

Respectfully submitted,

By: */s/ Elan I. Baret, Esq.*
Elan I. Baret, Esquire
Florida Bar No.: 20676
3999 Sheridan Street, 2nd Floor
Hollywood, Florida 33021
Tel: (954) 486-9966
Facsimile: (954) 585-9196
Email: elan@baretlawgroup.com

By: */s/ Christopher S. Salivar, Esq.*
Christopher S. Salivar, Esquire
Florida Bar No.: 57031
6576 Whispering Wind Way
Delray Beach, FL 33484
Tel: (561) 628-8908
Email: cssalivarattorney@gmail.com