IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-20707-JEM/BECERRA

*In re:* Application Pursuant to
28 U.S.C.§ 1782 of

FARHAD AZIMA

    *Petitioner,*

v.

INSIGHT ANALYSIS AND RESEARCH, LLC, and
SDC-GADOT, LLC,

    *Respondents.*

_____/

## **MOTION TO COMPEL COMPLIANCE WITH D.E. 62**

Pursuant to Fed. R. Civ. Proc. 26(b), Petitioner Farhad Azima requests that the Court compel Respondents Insight Analysis and Research LLC ("Insight") and SDC-Gadot LLC ("Gadot") (collectively the "Respondents") to produce documents as ordered by this Court in January 2023 (*see* Docket Entry ("D.E.") 62). Specifically, Petitioner requests that the Court order Respondents to submit an affidavit to the Court advising what measures they took to comply with D.E. 62. As the Court may recall, a status conference was held in December 2022 to address, in part, Petitioner's claim that Respondents had failed to adequately respond to subpoenas for documents. Notably, this was the most recent of a series of attempts by Petitioner to obtain meaningful discovery from the Respondents. (*See, e.g.*, D.E.s 32 and 40.)

In D.E. 62, the Court specified what documents Respondents were to look for and, if found, produce to Petitioner. The Court ordered Respondents to produce the following: (1) bank records reflecting payments to vendors, subcontractors, and employees of Gadot Information Services ("Gadot Israel"), (2) accounting records relating to payments to entities on a list provided by

Petitioner, (3) e-mails related to the movement of funds for transactions identified by Petitioner, and (4) WhatsApp, Signal, Silent Circle, and other messaging service communications relating to the movement of funds for transaction identified by Petitioner. Petitioner articulated why such documents are related to the pending U.K. Proceeding at the December 2022 status conference and subsequent related filings.

Despite this order, Respondents have yet again failed to produce documents sufficient to fulfill their production obligations and continue to ignore Petitioner's efforts to meet and confer about such production deficiencies. In terms of what Petitioner has received, Respondents produced 862 pages of documents to Petitioner. The production contained financial records, messaging app screenshots of a single conversation between Petitioner and Stuart Page, and publicly available corporate filings with the Florida Secretary of State. Importantly, *all* of these documents (besides a handful of recent public filings) were already in Petitioner's possession – which the Respondents knew – as Petitioner provided these documents to Respondents as deposition exhibits or exhibits to pleadings filed. These documents were referenced during the December 2022 status conference, as a basis for which Petitioner had reasonable grounds to believe additional relevant documents were in Respondents' possession.

Rather than look for additional documents to satisfy the discovery ordered in D.E. 62, it appears that Respondents simply copied what Petitioner provided to them as the deposition and pleading exhibits and produced those documents to Petitioner. The only new documents produced by Respondents were sixteen pages of recent publicly available corporate filings. As such, Petitioner submits that it appears Respondents have not made a good faith attempt to meaningfully search for and/or obtain any other responsive materials.

To address this issue in an amicable manner, on February 10, 2023 Petitioner sent a letter

2818214.1

to Respondents' counsel raising the production deficiency and requesting a meet and confer. Three days later, Petitioner sent Respondents proposed search terms to cure this deficiency. After hearing no response from Respondents' counsel, Petitioner again requested a meet and confer on March 21 and 22, 2023. On March 28, 2023, Respondents finally sent Petitioner a letter stating that their sole production consisted of "all that is in the possession, custody, or control of Insight and SDC-Gadot."

The Court should grant the relief requested herein because Petitioner's discovery request is more than reasonable and particularized. Federal Rule of Civil Procedure 26(b) provides, in pertinent part, that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the requests appear reasonably calculated to lead to the discovery of admissible evidence. *Id.* The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters that may aid a party in the preparation or presentation of his case. *Vanderwall v. United Airlines, Inc*., No. 14-60256, 2014 WL 12495288, at *1 (S.D. Fla. Oct. 17, 2014). Courts have long recognized the wide scope of discovery allowed under the Federal Rules of Civil Procedure. *See Burn v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973) (citations omitted).

Petitioner submits that Respondents should be ordered to advise the Court as to what measures and protocols they took to comply with D.E. 62. Indeed, simply stating they have "no documents" is, yet again, insufficient given the background of this matter. For example, it defies logic that Respondents do not have records showing payments to their vendors, subcontractors, and employees. Nor does it seem likely that search of Mr. Forlit's two e-mail addresses associated with Respondent SDC-Gadot ("amit@gadot.co" and "amit001@me.com") – one of which has a

"gadot" company address – yielded absolutely no documents when, in fact, those e-mail addresses were valid and known to be in use. Respondents acknowledged receipt of Petitioner's proposed search terms but did not say whether they applied them at all, or what if any hits resulted. To be clear, Petitioner is not seeking personal data from the incorporator of the Respondents, that is, Amit Forlit. Rather, Petitioner simply seeks a true good faith effort to obtain e-mails and work data generated by and for or held by the Respondents, or documents that are corporate documents.

Wherefore, respectfully, Petitioner seeks relief from the Court in the form of an order compelling Respondents to fulfill their production obligations in compliance with D.E. 62. Petitioner also suggests that Respondents provide the Court with the list of search terms that they have run, the number of documents comprising the universe search, and the number of hits yielded from the search terms run, to show that they adequately searched for responsive materials.

Respectfully submitted,

Dated: April 14, 2023

s/ *Vanessa Singh Johannes*
Vanessa Singh Johannes (FBN 1028744)
E-mail: vjohannes@carltonfields.com
CARLTON FIELDS P.A.
700 N.W. 1st Avenue, Suite 1200
Miami, Florida 33136-4118
Telephone: (305) 539-7358

s/ *Calvin Lee*
Calvin Lee (admitted *pro hac vice*)
MILLER & CHEVALIER CHARTERED
900 16th Street, NW
Washington, D.C. 20006
CLee@milchev.com
Telephone: (202) 626-5981

*Attorneys for Petitioner*

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2023, a true and correct copy of the foregoing document was filed via CM/ECF and served on counsel for the Respondents named in this matter, Christopher S. Salivar and Elan I. Baret, via such means.

                                                            s/ *Vanessa Singh Johannes*
                                                          Vanessa S. Johannes

2818214.1