IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: Application Pursuant to 28 U.S.C. 1782 of<br><br>FARHAD AZIMA<br><br>   Petitioner,<br>v.<br><br>INSIGHT ANALYSIS AND RESEARCH, LLC, and SDC-GADOT LLC,<br><br>   Respondents, | Case No.: 22-20707-cv-JEM |

**RESPONDENTS' RESPONSE TO DE # 73, AND MOTION FOR SANCTIONS:**

  Respondents, INSIGHT ANALYSIS AND RESEARCH, LLC and SDC-GADOT, LLC, by and through the undersigned attorneys, hereby file this, their Response to Petitioner's Motion to Compel Compliance (DE # 73), and Motion for Sanctions, as follows:

1. On January 3, 2023, this Court entered its Order found at FLSD DE # 62, which rendered in written form the Court's rulings arising from the hearing held before the Court on December 21, 2022. Pursuant to DE # 62, the Court Granted in Part, and Denied in Part, Petitioner's Motion to Compel Document Production (DE # 50), stating the following:

    a. As to Petitioner's Motion to Compel Document Production (the "Motion to Compel"), ECF No. [50], the Court heard argument and provided its ruling subject to the Motion for Reconsideration. Specifically, should the undersigned recommend that the Motion for Reconsideration be denied and the District Court adopt that recommendation, the ruling on the Motion to Compel, for the reasons stated at the hearing, is as follows: (1) DENIED as to engagement letters; (2) GRANTED IN PART AND DENIED IN PART as to invoices and records of payments to vendors, subcontractors, and employees, such that Respondents

*Page 1*

      are ORDERED to produce bank records that are responsive to this category of documents; (3) GRANTED IN PART AND DENIED IN PART as to bank records, such that the bank records encompassed by the second category of documents shall be produced; (4) GRANTED IN PART AND DENIED IN PART as to accounting records and tax returns, in that Respondents shall produce accounting records relating to payments to the list of entities that shall be provided to Respondents by Petitioner; Petitioner withdrew the request as to tax returns; (5) GRANTED IN PART AND DENIED IN PART as to e-mail records, in that Respondents shall produce e-mails relating to the movement of funds for specific transactions, with the list of transactions to be provided to Respondents by Petitioner; (6) GRANTED IN PART AND DENIED IN PART as to WhatsApp and other messaging services, in that Respondents shall produce communications of these kinds relating to the movement of funds for specific transactions, with the list of transactions to be provided to Respondents by Petitioner; (7) DENIED as to travel records; (8) DENIED as to hacking reports; and (9) DENIED as to Azima's hacked data.

2. On January 25, 2023, your undersigned sent Petitioner's counsel a link containing a downloadable file of Bates marked documents (862 pages in total) responsive to the Court's Order.

3. The following day, counsel for the Petitioner sent an email stating: "Chris – please confirm that your entire document production consists of exhibits we used during Forlit's depositions. Thanks". See Exhibit "1" filed herewith.

4. Petitioner's counsel knew or should have known that the content of his mail was false, as Bates # 399 – 752 were bank records (from CitiBank, Chase, and Bank of America) which Respondents obtained directly from the banks directly and which were not copies provided previously by Petitioner or his counsel. Furthermore, Bates # 835-856 were records obtained by Respondents

from the Florida Department of State, Division of Corporations, and produced by Respondents (having not been provided to Respondents previously by Petitioner or his counsel).

5. On February 10, 2023, Petitioner's counsel sent your undersigned correspondence (see Exhibit "2" attached hereto) with a proposed list of "search terms". The correspondence did not actually comply with DE # 62, in that per the Court's Order Petitioner was to provide: "Respondents shall produce accounting records relating to payments to the list of entities that shall be provided to Respondents by Petitioner…"; "Respondents shall produce e-mails relating to the movement of funds for specific transactions, with the list of transactions to be provided to Respondents by Petitioner …"; and "…as to WhatsApp and other messaging services, in that Respondents shall produce communications of these kinds relating to the movement of funds for specific transactions, with the list of transactions to be provided to Respondents by Petitioner…".

6. Petitioner did not provide a "list of entities" addressing accounting records per subsection (4) of the Court's Order, and Petitioner did not provide "the list of transactions" for "the movement of funds for specific transactions" per subsections (5) and (6) of the Court's Order. Instead, Petitioner provided a generic list of terms and names for "for you to use to search bank records, accounting records, emails, and messaging applications, …"

7. As noted previously during hearings held before this Court, both Respondents are non-operational entities, with no employees, no e-mail accounts, and no computer hardware. Given this, Petitioner's "search terms" cannot produce any documents, as no documents exist to be produced and no accounts or hardware exist to be "searched". After confirming this again, on March 28, 2023 correspondence (attached hereto as Exhibit "3") was again sent to Petitioner's counsel, advising that no further documents existed to be produced beyond the initial 800+ pages of Bates stamped documents produced on January 25, 2023.

8. Petitioner and his counsel are well aware that no further documents exist, as during the Rule 30(b)(6) depositions conducted in July of 2022 the corporate representative for the Respondents testified that when he communicated with Stuart Page (prior to the formation of either Respondent) an "electronic dead letter box" was utilized for communications, so that draft e-mails were contemporaneously deleted after reading, without transmission or recording/saving. As such, no e-mail account exists to be searched, and no hardware exists to be searched for archived or saved communications. Furthermore, the corporate representative for the Respondents advised that he had checked his phone and had no WhatsApp or other communications with Stuart Page, Neil Gerrard, or anyone else pertaining to this proceeding or the UK Proceedings.

9. Knowing all of this, and without even bothering to have complied with DE # 62, Petitioner now seeks an Order "compelling" production of material that is not within the care, custody, or control of these Respondents, and which it knows these Respondents do not possess. Petitioner has now identified email accounts belonging to non-parties (amit@gadot.co and amit001@me.com) who have not been served and who are not before the Court, and is improperly seeking to have this Court Order the Respondents to somehow search these email accounts (despite them not belonging to the Respondents) for additional documents.

10. Petitioner's Motion goes well beyond DE # 62, and is just the latest filing in its bad faith scorched earth campaign, seeking to require the Respondents to once again appear before the Court for no reason, and where Petitioner himself has not complied with the requirements of the Court's Order.

11. The foregoing shows Petitioner's continued bad faith use of this proceeding, and misrepresentation of facts to this Court, which this Court must finally rectify by the Denial of the Petitioner's Motion and the imposition of sanctions under the Court's inherent authority.

**WHEREFORE** Respondents, SDC-GADOT, LLC and INSIGHT ANALYSIS AND RESEARCH, LLC, respectfully request that the Court DENY DE # 73, that the Court sanction Petitioner and award the

Respondents a recovery of reasonable attorney's fees which they have incurred in connection with this proceeding, and that the Court Grant the Respondents such other and further relief as this Court may deem just and proper.

<u>**CERTIFICATE OF COMPLIANCE WITH FONT AND PAGE REQUIREMENTS**</u>:

The undersigned hereby certifies that this Motion complies with the requirements of Local Rules 5.1 and 7 pertaining to font size and length of this Motion.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this 17th day of April, 2023, that a true and correct copy of the foregoing has been filed through the Court's CM/ECF-filing portal and that a true copy has been served through the portal upon all counsel of record in this action.

Respectfully submitted,

By: */s/ Elan I. Baret, Esq.*
Elan I. Baret, Esquire
Florida Bar No.: 20676
3999 Sheridan Street, 2nd Floor
Hollywood, Florida 33021
Tel: (954) 486-9966
Facsimile: (954) 585-9196
Email: elan@baretlawgroup.com

By: */s/ Christopher S. Salivar, Esq.*
Christopher S. Salivar, Esquire
Florida Bar No.: 57031
6576 Whispering Wind Way
Delray Beach, FL 33484
Tel: (561) 628-8908
Email: cssalivarattorney@gmail.com