IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-20707-JEM/BECERRA

*In re:* Application Pursuant to
28 U.S.C.§ 1782 of

FARHAD AZIMA

   *Petitioner,*

v.

INSIGHT ANALYSIS AND RESEARCH, LLC, and
SDC-GADOT, LLC,

   *Respondents.*
_____/

## REPLY TO RESPONDENTS' OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH D.E. 62

  Petitioner Farhad Azima hereby files this reply to Respondents' opposition to his motion to compel Respondents to produce documents (*see* D.E.s 73 and 74). For more than a year, Petitioner has sought to obtain from Respondents documents within their possession that are relevant and responsive to the underlying proceeding in the U.K. and lawful subpoenas issued.[1] At this juncture, and as explained in the Motion (D.E. 73 at 3-4), Petitioner is simply requesting that the Court order Respondents to submit an affidavit to the Court advising what measures they took to comply with the Court's order (D.E. 62) that they search for and produce documents.

  Given the background of this matter, that request is more than reasonable. Indeed, Respondents have fought against producing any meaningful discovery from the very beginning of

---

[1] Contrary to Respondents' allegations, Petitioner is not seeking documents in bad faith, maliciously, or without merits. The Rule 30(b)(6) depositions of Insight and Gadot demonstrated that the Respondents have information and documents relevant to the underlying U.K. proceeding, as described below and in prior filings.

1

2818214.1

these proceedings. Moreover, there has been a track record of non-compliance by Respondents. For example, Respondents claimed they had no responsive documents to produce in response to subpoenas issued, but during depositions of the corporate representative, Amit Forlit, Mr. Forlit brought various documents with him and mentioned the existence of others. *See*, *e.g.*, D.E. 47-1, Tr. 15:2-16:7 (Forlit reviewed bank accounts and invoices prior to deposition); 36:4-10 (Forlit reviewed travel records prior to deposition); 44:9-45:9; 71:17-23 (admitting using email addresses "associated with SDC-Gadot"); D.E. 47-2, Tr. 124:12-125:10 (regarding use of messaging applications); 163:2-6 ("[W]e had problems with money transfers and [] we sometimes made all sorts of engagements in order to resolve that problem.") As such, it became clear that Respondents' prior representations that they had no relevant documents was inaccurate.

Respondents' Opposition seems to concede that Respondents took no steps to search for documents, emails, and messages as ordered by the Court in D.E. 62. They argue that "Respondents are non-operational entities, with no employees, no e-mail accounts, and no computer hardware. Given this, Petitioner's 'search terms' cannot produce any documents, as no documents exist to be produced and no accounts or hardware exist to be 'searched.'" D.E. 74, at ¶ 7. But at the Rule 30(b)(6) depositions, Forlit testified that he used the email addresses amit@gadot.co and amit001@me.com and also communicated with messaging applications such as Signal. *See, e.g.,* D.E. 47-1, Tr. 71:16-72:2; D.E. 47-2, Tr. 123:16-125:10.

Petitioner is not requesting that Respondents create documents that do not exist – or locate ones that are not readily available or accessible to them. However, Respondents have an obligation to conduct a meaningful search for responsive materials and should be able to easily advise the Court as to what steps they have done to comply. Respondents blanket statement that there are no documents is insufficient. The Court should order that Respondents explain what devices and

accounts they searched, what search terms they used, and the number of hits for each search term, so that Petitioner and the Court can determine whether they have conducted good-faith searches.

Dated: April 24, 2023

Respectfully submitted,

s/ *Vanessa Singh Johannes*
Vanessa Singh Johannes (FBN 1028744)
E-mail: VJohannes@carltonfields.com
CARLTON FIELDS P.A.
700 N.W. 1st Avenue, Suite 1200
Miami, Florida 33136-4118
Telephone: (305) 539-7358

s/ *Calvin Lee*
Calvin Lee (admitted *pro hac vice*)
MILLER & CHEVALIER CHARTERED
900 16th Street, NW
Washington, D.C. 20006

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2023, a true and correct copy of the foregoing document was filed via CM/ECF and served on counsel for the Respondents named in this matter, Christopher S. Salivar and Elan I. Baret, via such means.

s/ *Vanessa Singh Johannes*
Vanessa S. Johannes

2818214.1