UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-20707-JEM/Becerra

In re: Application Pursuant to
28 U.S.C. § 1782 of

FARHAD AZIMA ,

    Petitioner,

v.

INSIGHT ANALYSIS AND RESEARCH, LLC
and SDC-GADOT LLC,

    Respondents.
_____/

## REPORT AND RECOMMENDATION ON MOTION FOR RECONSIDERATION

**THIS CAUSE** came before the Court on Respondents Insight Analysis and Research, LLC and SDC-Gadot LLC's Motion for Reconsideration.[1]  ECF No. [52].  Petitioner Farhad Azima filed a Response and Respondents filed a Reply.  ECF Nos. [54], [55].  The undersigned held a hearing on the Motion where counsel for the Parties presented oral argument.  ECF No. [63].  Upon due consideration of the Motion, the applicable law, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that the Motion for Reconsideration be **DENIED**.

    **I.    BACKGROUND**

On March 8, 2022, Azima filed an Application for Order to Take Discovery Pursuant to 28 U.S.C. § 1782.  ECF No. [1].  In his Application, Azima sought to issue subpoenas directed to

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge.  ECF No. [42].

Respondents to produce documents and submit to depositions for use in connection with a case pending in the High Court of Justice of England and Wales (the "UK Action"). *Id*. Azima supported his Application with, among other things, (i) a copy of his recently amended Counterclaim in the UK Action (the "Counterclaim"), (ii) an Affidavit of Stuart Page (the "Page Affidavit"), (iii) copies of invoices from Respondents to Page, each totaling between $100,000.00 to $300,000.00, for "Beach project" (the "Invoices"), and (iv) an Affidavit of Majdi El Halabi. ECF Nos. [1-4], [1-6], [1-7], [1-9].

The Application summarized the factual basis of the Counterclaim, which was based, in part, on the Page Affidavit. ECF No. [1] at 6. Generally speaking, the Counterclaim alleges that Respondents and their principal, Amit Forlit, along with other individuals and entities not named in the Application, engaged in hacking to obtain private and confidential information belonging to Azima, and produced reports based thereon for a third-party, RAKIA, to use in litigation against Azima in the United Kingdom (the "Prior UK Action"), and subsequently covered up their misconduct. ECF No. [1-4], *generally*. Page, on behalf of RAKIA, allegedly engaged and paid Respondents in connection with the hacking of Azima, which they at times referred to as "Project Beach." *Id*. at ¶ 39A. The Counterclaim raises numerous claims against RAKIA and other parties based upon the conduct of Respondents and Forlit. Specifically, the Counterclaim asserts: (i) claims under English law for "unauthorised access, hacking, and theft of data," "[b]reach of confidence and/or misuse of private information," "conspiracy to injure" and "unlawful means conspiracy," (ii) claims under United States law for "conspiracy to disclose and use intercepted wire, oral, or electronic communications" in violation of various federal statutes, misappropriation of trade secrets, and violation of the Computer Fraud and Abuse Act, and (iii) numerous torts under Missouri law. ECF No. [1-4] at 47-58. Notably, the Counterclaim is verified by Azima who

attests that "I believe that the facts stated in this Amended Counterclaim and Claim Against Additional Defendants are true. I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth." *Id*. at 62.

As relevant to the instant Motion, the Application generally discloses that Page submitted false testimony in the Prior UK Action regarding the hacking conspiracy and coverup at issue in the Counterclaim, and participated in meetings with others "to develop and rehearse the false story." ECF No. [1] at 6, 9. The extent of Page's prior fraudulent testimony is detailed in the Counterclaim and the Page Affidavit, both of which, as mentioned, are attached to the Application. ECF Nos. [1-4], [1-7]. The Application discusses each of the statutory requirements necessary to grant a Section 1782 discovery application, as well as the four discretionary factors set forth in the United States Supreme Court's decision in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004), and explains why both these standards have been satisfied. ECF No. [1] at 10-17. On March 10, 2022, the Court entered an Order Granting Application for Order Pursuant to 28 U.S.C. § 1782(a) (the "Application Order"). ECF No. [5].

## II. INSTANT MOTION

On September 7, 2022, Respondents filed a Motion to Reconsider the Application Order. ECF No. [52]. Respondents contend that the Court "should revoke the discretion it initially was willing to extend to the Petitioner and … terminate these proceedings and all future discovery herein," *id*. at 20, for two reasons: (1) Azima has "known full well that these Respondents and Mr. Forlit did not 'hack' Petitioner … because Petitioner has been prosecuting multiple 28 U.S.C. § 1782 actions in parallel to this one in order to obtain information relating to the real hacking perpetrators … and … Petitioner has also actively been prosecuting affirmative claims against the

actual perpetrators who retained two [] Indian cyber hacking firms to target the Petitioner and his data," and (2) Page is an unreliable witness because, among other reasons, U.K. courts have described Page's testimony as misleading, and cautioned against relying on any evidence he provides that is not corroborated by another source. *Id*. at 3, 5-6. Respondents assert that the Application failed to disclose this information and, had the Court been aware of it, the Application would have been denied. Notably, the Motion is devoid of any legal authority supporting the relief that Respondents seek.

For his part, Azima's response to the Motion makes a passing argument that the Motion is untimely, and generally disputes that the Page Affidavit is unreliable. ECF No. [54] at 2-3. The Response also asserts that "Respondents' arguments regarding Mr. Page's credibility and other Section 1782 applications filed in support of the UK Proceedings are of no consequence for this Court's consideration of [the Application] … [because] [w]hat is before this Court is a discovery proceeding – not a consideration of the facts for purposes of ultimate fact-finding." *Id*. at 2.

### III.   ANALYSIS

The decision whether to grant or deny a motion for reconsideration lies within the sound discretion of the district court. *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("We review the denial of a motion for reconsideration for an abuse of discretion."). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id*. at 740 (quotation marks and citation omitted). "The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." *Williams v. Quicktrip Corp.*, 817 F. App'x 743, 747 (11th Cir. 2020) (citing *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

Respondents have failed to show that they satisfy this standard. The Motion contains no mention of the grounds for reconsideration, much less a showing that either ground applies here. It appears from the Motion that most of the "evidence" that Respondents rely upon were matters of public record that existed at the time Respondents first appeared in this action in May, 2022. While the information may have been newly available to Respondents when they filed their Motion, that is not the same as newly discovered evidence for purposes of reconsideration. "When determining whether evidence was in fact newly discovered such that reconsideration may be warranted, we ask essentially whether the evidence could have been discovered with reasonable diligence." *King v. Board of Cnty. Comm'rs*, 916 F.3d 1339, 1350 (11th Cir. 2019) (citation omitted). Respondents have made no showing that they could not have, with reasonable diligence, discovered the information earlier regarding Petitioner's other pending actions and the questionable credibility of Page.

Similarly, Respondents have made no showing that the Application Order is based upon a manifest error of law or fact. Indeed, the Motion fails to mention the statutory requirements and discretionary factors applicable to Section 1782 applications. The Eleventh Circuit instructs that Section 1782 has "four prima facie requirements: (1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." *Victoria, LLC v. Likhtenfeld*, 791 F. App'x 810, 816 (11th Cir. 2019). Respondents' assertion that the Application should have been denied because

Azima had other pending actions and there were concerns regarding Page's credibility does not go to any of these statutory factors, and Respondents make no argument to the contrary.

In addition to the statutory factors, the United States Supreme Court instructs that a court evaluating a Section 1782 Application should consider the following four discretionary factors (the "*Intel* factors"): (1) whether the respondent is a participant in the international tribunal proceedings, (2) whether the foreign tribunal is resistant to section 1782 discovery, (3) whether the petitioner is concealing an attempt to circumvent tribunal proof-gathering restrictions, and (4) whether the requested discovery is relevant and narrowly tailored. *Intel Corp.*, 542 U.S. at 264-65. Again, Respondents do not explain how the information raised in the Motion defeats any of the *Intel* factors. Indeed, the information has no impact on the first three *Intel* factors, and only a tenuous connection to the fourth factor. To the extent that Azima's other pending proceedings or questions regarding the veracity of Page's testimony might bear on the last *Intel* factor, such considerations would, as the Court noted during oral argument, go to the scope of discovery available, rather a basis to deny the Application outright.

Finally, Azima submitted sufficient evidence, irrespective of the Page Affidavit, to warrant entry of an order granting the Application. In particular, the Counterclaim asserts numerous causes of action based upon the alleged conduct of Respondents and Forlit in hacking Azima's data and a subsequent coverup of their activity. ECF No. [1-4]. The Counterclaim also discloses Page's involvement in other hacking activities and his prior false testimony, thereby alerting the Court to issues regarding Page's credibility. *Id*. Further, the Counterclaim is verified, which gives further credence to the information contained therein.

Respondents overlook the fact that the merits of the Counterclaim are not at issue in this action. The Court's focus is on whether Azima has shown a sufficient connection between the

discovery requested and the UK Action. The validity of the UK Action is not for this Court to decide. As the Tenth Circuit has explained:

> [I]n a § 1782 proceeding, there is nothing to be done "on the merits." Section 1782 empowers a district court to order a person residing within its district to "give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782. The only issue before the district court is discovery; the underlying litigation rests before a foreign tribunal.

*Republic of Ecuador v. For Issuance of a Subpoena Under 28 US.C. Sec. 1782(a)*, 735 F.3d 1179, (10th Cir. 2013) (cited by *In re Pons*, 614 F. Supp. 3d 1134, 1142 (S.D. Fla. 2020)).

Moreover, the Invoices provide additional support for the discovery requested in the Application. The Invoices show that Respondents billed Page hundreds of thousands of dollars for "Beach Project," ECF No. [1-6], which the Counterclaim alleges is a code name that Page and Forlit used to refer to their investigation of Azima. Additionally, the Halabi Affidavit details the involvement of Forlit in covering up Forlit's role in obtaining Azima's hacked data. ECF No. [1-9]. Halabi attests that he testified falsely in the Prior UK Action at the request of Forlit, who asked Halabi "to provide a cover story in which [Halabi] would say that [Halabi] had discovered links to Mr. Azima's data [on the internet] to avoid the need for [Forlit] to be revealed as the individual who had provided the links to Mr. Page." Id. at ¶¶ 6, 11. The foregoing evidence satisfies Azima's burden on his Section 1782 Application.

IV. **CONCLUSION**

As discussed above, the Motion is based upon arguments that are untethered to any relevant legal standard and unsupported by legal authority. Moreover, Azima attached sufficient other evidence to the Application—namely, the verified Counterclaim, Invoices and the Halabi Affidavit—to satisfy the statutory requirements and discretionary factors governing a Section 1782 application. Thus, it is evident that the Court would have granted the Application irrespective of

the Page Affidavit. At best, any concerns regarding Page's credibility are better addressed through limitations on the scope of discovery, if necessary.

Accordingly, for the foregoing reasons, it is hereby **RECOMMENDED** that Respondents' Motion for Reconsideration, ECF No. [52], be **DENIED**.

## V. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. The undersigned finds that a shortened objection period is warranted given that the Parties have had ample time to time to make their arguments in written briefs and at the hearing. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND RECOMMENDED** in Chambers in Miami, Florida on August 25, 2023.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE